# J. H. COATNEY v. STATE.

No. A-4756.    Opinion Filed May 6, 1925.

(235 Pac. 942.)

(Syllabus.)

1. **Intoxicating Liquors—Searches and Seizures—Warrant to Search Private Residence—Insufficiency of Affidavit—Search Warrant, Once Served, not Usable for Additional Searches.** A search warrant to search a private residence for the discovery of intoxicating liquors, issued on an affidavit, wherein affiant fails to state that such residence is a place of public resort, held, improvidently issued.

Held, further, a search warrant once served cannot be further resorted to for the purpose of additional searches.

2. **Intoxicating Liquors—Evidence of General Reputation of Accused's Home as Place for Sale of Liquors Admissible Only on Evidence that it Was Place of Public Resort.** In a prosecution for possession of intoxicating liquor, with the intent to violate the Prohibitory Liquor Law, evidence of the general reputation of defendant's home as being a place where intoxicating liquors were sold is admissible only upon the laying of a proper predicate showing that his home was a place of public resort.

Appeal from County Court, Comanche County; John Manning, Judge.

J. H. Coatney was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

C. R. Reeves, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.    The plaintiff in error was tried upon an information charging that in Comanche county on the 12th day of February, 1923, he did have in his possession one gallon of whisky with the unlawful intent to violate the Prohibitory Liquor Laws, and in accordance with the verdict of the jury he was sentenced to be confined for 30 days in jail and pay a fine of $50. To reverse the judgment he appeals.

The errors assigned are, in substance, that the court erred in admitting incompetent, irrelevant, and hearsay evidence on the part of the state, and in refusing to direct a verdict of acquittal, and misconduct of the court by questions and statements to the defendant's wife, which tended to deprive him of a fair and impartial trial.

The sheriff testified that under authority of a search warrant he, with three deputies, visited the farm of the defendant three or four miles south of the city of Lawton and searched the premises for whisky and found a bottle of whisky near the house and a broken jar near by. The defendant was absent from his home at the time. Over objection and exception by the defendant, the trial court permitted the bottle of whisky and the broken jar to be offered in evidence.

The affidavit for the search warrant recited "that intoxicating liquors are being kept by Homer Coatney, in a certain building," etc., and does not state that the same is a place of public resort. The defendant moved that all the evidence be stricken, because the same was secured upon an illegal search and seizure. The return on the search warrant states that it was executed by searching the premises of Homer Coatney and also the premises of the defendant, J. H. Coatney, with further return of finding of broken jar containing about one pint of whisky.

The testimony of Deputy Sheriffs Moncrief and Bowman was substantially the same as that of Sheriff Livingston.

Over objections and exceptions of the defendant, the trial court permitted the witnesses for the state to testify that they knew the reputation of the defendant's place as to being a place where whisky was kept and sold, and that it was bad.

On the part of the defense, several witnesses quali-

fied as character witnesses and testified that his reputation as to being a law-abiding citizen was good.

Mrs. Coatney testified that when the officers made the search of her home she had about one pint of whisky that she had been taking for the flu, at the direction and on a prescription of Dr. Gibson; that she got the prescription filled at the Park Drug Store. On her cross-examination she refused to answer two or three questions concerning the prescription, saying: "I have told you all I know about this case." Whereupon the court said:

"You will have to answer the questions. If you had been a man, I would have had you in jail before now."

The defendant testified that Dr. Gibson prescribed whisky for defendant's wife, and he went and bought the whisky, and what was left of it was found by the officers; that he never at any time sold any whisky and never was drunk.

The foregoing statement is sufficient to indicate a few of the manifold errors committed on the trial. The affidavit under which the search warrant issued was insufficient to give the justice of the peace jurisdiction to issue it, and the testimony of the witnesses for the state was incompetent and inadmissible, as having been obtained on search of the defendant's home under authority of an illegal search warrant. Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; section 7013, C. S. 1921.

It is well settled that evidence of the general reputation of a defendant's home as being a place where intoxicating liquors were sold is admissible only upon the laying of a proper predicate showing that his home was a place of general resort.

In the case of Wilkerson v. State, 9 Okla. Cr. 662, 132 P. 1120, Judge Furman used the following language:

"In this instance the whisky in question was found

in the home of appellant. In the absence of any testimony to the contrary the presumption of law was that he had it there for his own use. If the whisky, however, had been found at a place to which the public generally resorted, and the circumstances of the case indicated that such place was used for the purpose of selling whisky, then the reputation of such place might be proven as a circumstance to be considered by the jury in determining as to whether the whisky was kept there for sale."

See Thompson v. State, 9 Okla. Cr. 525, 132 P. 695.

Other errors are assigned and argued, but it does not seem necessary that we should extend this opinion by reference thereto. As shown by the record, and for the reasons stated, we think the defendant did not have that fair and impartial trial to which he was entitled by the laws of our state.

The judgment is, accordingly, reversed.

BESSEY, P. J., and EDWARDS, J., concur.