## BESSIE BOWEN v. STATE.

No. A-5459.    Opinion Filed March 13, 1926.
(244 Pac. 49.)

S. E. Dunn and John M. Jordan, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.    Appellant, Bessie Bowen, was convicted on an information charging that in Tulsa county, September 8, 1923, she did have in her possession 5½ gallons of corn whisky with intent to sell the same, and in accordance with the verdict of the jury she was sentenced to pay a fine of $500 and be confined in the county jail for six months.

To reverse the judgment, appellant assigns as error the admission of evidence procured under a search warrant alleged to be illegal because of the insufficiency of the affidavit upon which it was issued, and upon which all the evidence offered by the state, tending to prove the guilt of appellant, was obtained.

The evidence shows that a search warrant was issued by G. E. Warren, judge of the municipal court of the city of Tulsa, which affidavit, omitting caption and prayer, recites:

"Ned Gritts, being duly sworn, upon oath deposes and says: That certain intoxicating liquor is being manufactured, sold, bartered, given away, and otherwise furnished, and is being kept for the purpose of being sold, bartered, given away, and otherwise furnished, in violation of the prohibitory law of the state of Oklahoma; the kind and description of said liquor being as follows, to wit: Wine, beer, whisky, and other intoxicating liquor. The said liquor is being disposed of and kept in the manner aforesaid by one John Doe, whose real name is unknown to informant, on the following described premises situate in the city of Tulsa, Tulsa county, Okla., within said county and state, to wit, certain 'building located at 332 North Hartford covering all rooms. That said building is a private residence."

An examination of the record discloses that the warrant issued in violation of the statutes providing:

"'No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized." Section 7012, C. S. 1921.

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort." Section 7013, C. S. 1921.

The evidence shows that affiant, Ned Gritts, captain of the raiding squad, with three or four police officers, went to the home of appellant and found about 5 gallons of corn whisky concealed in the house.

As a witness in her own behalf, Bessie Bowen denied that any search warrant was served upon her, and denied any knowledge of the whisky that was found in the place. It appears that the evidence for the state was all admitted against defendant's objection and exception.

In Duncan v. State, 11 Okla. Cr. 217, 144 P. 629, we held that under the statutes above quoted no officer has authority to search a private residence, occupied as such, or any portion thereof, unless it or some part of it be used as a store, shop, hotel, boarding house, or place of storage, or unless such residence is a place of public resort, and that no magistrate in this state has the power to issue a search warrant to search a private residence occupied as such, unless it is made clearly to appear that such private residence comes within the exceptions stated in said section.

In Williams v. State, 30 Okla. Cr. 39, 234 P. 781, we held that search of private residence, not coming within exceptions in section 7013, was illegal.

In Coatney v. State, 30 Okla. Cr. 270, 235 P. 942, we held that:

"A search warrant to search a private residence for the discovery of intoxicating liquors, issued on an affidavit, wherein affiant fails to state that such residence is a place of public resort, held, improvidently issued."

And see Committi v. State, 28 Okla. Cr. 380, 231 P. 316, and cases collated.

It follows that all the evidence on the part of the

state should have been excluded on defendant's objection.

The judgment of the lower court is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.