## J. L. CAHILL v. STATE.

No. A-5857.   Opinion Filed Oct. 22, 1927.
(260 Pac. 91.)

Geo. A. Hoke, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter

called defendant, was convicted in the county court of Payne county on a charge of unlawfully manufacturing whisky, and was sentenced to pay a fine of $100 and to serve a term of 60 days in the county jail.

The record discloses that an affidavit for search warrant, positive in form, describing the premises occupied by defendant, was filed with the county judge by one Gilchrist. Upon this affidavit a search warrant was issued and a search of defendant's premises made and a still, a still worm, three barrels of mash, kegs and other containers, and a small quantity of whisky found. The evidence is sufficient to sustain the verdict and judgment.

Before the trial, defendant filed a motion to suppress the evidence procured by the search warrant, setting out various reasons. This motion was overruled, and the ruling is assigned as error.

It is first argued that the affidavit and search warrant are insufficient, for the reason that they do not contain the name of the owner of the property whose premises are described in the affidavit and warrant. It is not contended that the description of the premises is defective or that an officer with the search warrant would have any discretion as to the premises to be searched. In order that no confusion may arise and to prevent unauthorized search, it is decidedly a better practice that the owner or occupant of premises for which a search warrant is asked be named in the affidavit and in the search warrant. However, where no person is to be searched but merely a place, it is not essential that the owner or occupant of the premises be named, unless the name is required as a part of the description. State v. Skelton et ux., 36 Okla. Cr. 377, 254 P. 754.

It is next contended that the affidavit is insufficient under the rule announced in the case of Hannan v. State, 29 Okla. Cr. 203, 233 P. 249. This case, however, was some-

what modified and restricted in the case of State v. Smith, 30 Okla. Cr. 134, 235 P. 273.

The affidavit here objected to falls far short of being a model, but we believe it is sufficiently definite to warrant the county judge in making a finding of probable cause and that the search warrant based thereon is legal.

Complaint is next made that the affidavit, though positive in form, was in fact made upon information and belief, and that no evidence obtained by such search warrant was admissible. The purpose of an affidavit for a search warrant is the same as the affidavit verifying a complaint for a warrant for arrest; that is, to invoke the judicial power of the magistrate, for the protection of the citizen against illegal searches, and to satisfy the constitutional and statutory requirement that a search warrant shall be issued only upon probable cause supported by oath or affirmation. Article 2, § 30, State Constitution; sections 7012, 7013, Comp. Stat. 1921. This court, in Phillips v. State, 34 Okla. Cr. 52, 244 P. 451, held the truth of an affidavit to procure a search warrant positively sworn to is not an issue in the trial of the case in which the evidence obtained by such search warrant is offered. See authorities there cited. In the case of State v. English, 71 Mont. 343, 229 P. 727, under a somewhat analogous state of facts, it is held:

"Where search warrant was valid on its face, proceedings under it would not be rendered invalid, nor would evidence obtained be rendered inadmissible by subsequent attack on truth of statements in affidavit."

In People v. Czckay et al., 218 Mich. 660, 188 N. W. 376, it is held:

"Where affidavit, upon which search warrant for intoxicating liquor was issued, contained positive averment of facts justifying the issuance of the writ, the validity of the writ was not affected by proof aliunde

that the facts therein positively stated were in reality stated upon information and belief"—citing authorities.

See, also, Cornelius on Search and Seizure, § 89.

The sufficiency in form or substance of either the affidavit or the search warrant may be challenged by motion to suppress or by objection to the evidence. But where an affidavit sufficient in form and substance is filed, the magistrate must determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. If he determines there is probable cause and issues a search warrant sufficient in form and substance, which is properly executed by the officer to whom it is directed, its validity cannot be affected by proof aliunde that the facts stated in positive terms in the affidavit were in fact made upon information and belief.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.