## A. C. SHANAFELT v. STATE.

No. A-5897.   Opinion Filed Dec. 3, 1927.
(261 Pac. 380.)

Charles Skalnik, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tulsa county on a charge of having the possession of in-

toxicating liquor and sentenced to pay fine of $500 and to serve a term of six months in the county jail.

Before entering upon the trial, a motion to suppress the evidence was presented and overruled, and objection to the admission of evidence as incompetent was properly made and overruled in the course of the trial. It is first argued that the affidavit, though positive in form, was in fact made on information and belief. This court has held that, where a proper affidavit is made positive in form, sufficient to show probable cause, an attack on its sufficiency for the reason that the affidavit, though positive in form, is in fact made on information and belief, cannot be sustained. Cahill v. State, 38 Okla. Cr. 236, 260 P. 91; Phelps et al. v. State, 36 Okla. Cr. 213, 253 P. 910.

It is also argued that, although the allegations in the affidavit are positive in form, they state mere conclusions, and are insufficient on which to base a finding of probable cause, citing U. S. v. Kaplan, (D. C.) 286 F. 964; Giles v. U. S. (C. C. A.) 284 F. 208; Hannan v. State, 29 Okla. Cr. 203, 233 P. 249; and other authorities.

The rule announced by this court in the Hannan Case was somewhat restricted in its application by the later case of Smith v. State, 30 Okla. Cr. 134, 235 P. 273, and other cases.

The affidavit for search warrant in this case described the place to be searched as:

"* * * A certain five-room frame building located in Sec. 26, township 17, range 14, one mile northeast of Leonard, Oklahoma, Tulsa county, together with the curtilage thereof and appurtenances thereunto belonging. That said building is a private residence and is used as a place of public resort and for the furnishing and storage of intoxicating liquor."

Section 7012, Comp. St. 1921, provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

It is well settled that the description must be sufficiently definite that no discretion is left to the searching officer as to what place he is authorized to search. It will be observed from the foregoing affidavit that the location of the place to be searched is made no more definite than "a mile northeast of Leonard in Sec. 26." The mere section number is not sufficiently definite as a numeric description. The description may be made definite by particularly describing the location of the house in such manner that it could not be confused with any other house, as by describing the owner of the house, the occupant of the house, or the particular place or location of the house in its relation to natural objects. In the case of Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106, this court said:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

Several other assignments of error are argued, but, since the affidavit and search warrant do not conform to the requirements of section 7012, supra, it is unnecessary to discuss them.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.