### FRANK SMITH v. STATE.

No. A-6508. Opinion Filed July 21, 1928.
(269 Pac. 376.)

Clay Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, who for brevity will be referred to as defendant, was convicted in the county court of Jackson county on a charge of a violation of the prohibitory liquor law and was sentenced to pay a fine of $200 and to serve a term of 30 days in the county jail.

This case rests upon evidence procured by a search warrant. Before entering upon trial, defendant filed a motion to suppress the evidence obtained by the search warrant for the reason that the description therein did not conform to the provisions of section 7012, Comp. St. 1921. This section is:

"No [search] warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

In conformity to this statute and to the authorities generally, it has been many times held by this court that a search warrant must so particularly describe the place to be searched, that the officer to whom it is directed may determine it from the warrant; and that no discretion as to the place to be searched is left to the officer. Hall v. State, 34 Cr. 334, 246 P. 642; Phelps et al. v. State, 36 Okla. Cr. 213, 253 P. 910; Cahill v. State,

38 Okla. Cr. 236, 260 P. 91; Shanafelt v. State, 38 Okla. Cr. 345, 261 P. 380.

It has also been held that the description in the search warrant must follow the description in the affidavit. Thomas v. State, 38 Okla. Cr. 284, 260 P. 515. The description in the affidavit for search warrant in this case is for:

"* * * A certain building, outhouse, situated in Jackson county, state of Oklahoma, or described as follows: North half of section 22, township 1 north, range 20 west, I. M., the exact ¼ unknown. * * *"

The search warrant based thereon describes the premises as follows:

"* * * North half, section 22, township 1 north, range 20 west, I. M., in Jackson county, Oklahoma, in a certain building described as follows: Barn and residence and outbuildings in Altus, Oklahoma. * * *"

The evidence in support of the motion to suppress and upon the trial discloses that there were two residences occupied by different persons on the north half of section 22, both of which were searched under the search warrant. This the law does not allow. Further, the search warrant sets out an impossible location; that is, it authorizes the search of a barn and residence and outbuildings in Altus, Okla., as being located on north half of section 22, township 1 north, range 20 west. We take judicial knowledge that the north half of section 22, township 1 north, range 20 west, is in the country some six miles from the city of Altus. The search warrant violates the plain provisions of section 7012, supra.

The case is reversed and remanded.