## J. J. CALDWELL v. STATE.

No. A-8151.   Nov. 6, 1931.
(5 Pac. [2d] 182.)

Sid White, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor and sentenced to pay a fine of $250 and costs, and to be confined in the county jail for 60 days; and has appealed.

When the case was called for trial, both parties waived a jury and agreed to try the case to the court. The state called Murray Barton as its witness. The defendant objected to the witness testifying to anything he found at the home of the defendant or on the curtilage of the defendant's home until it had been shown by the state in the manner provided by law that the witness had the lawful right to search the home and the curtilage of the defendant, as required by the Constitution and the laws of this state.

The defendant in support of his motion was permitted by the court to ask the witness Barton several questions as to the affidavit upon which the search warrant was issued. The affidavit could not be found. No one seemed to know what had become of it. The defendant offered in evidence a copy of the search warrant that had been served upon him. The defendant's objection to the introduction of the state's evidence was overruled by the court, and the defendant duly excepted.

At the close of the state's testimony, the defendant moved to strike the entire testimony of the witness Murray Barton from the record, as it was unauthorized and unlawfully secured under any rule of law; which motion was overruled, and the defendant duly excepted.

An examination of the copy of the search warrant introduced by the defendant in support of his objection to the introduction of any evidence on behalf of the state, on the ground that the evidence was illegally secured,

shows that the description of that part of the search warrant material to the question raised by the defendant is as follows:

"That there is probable cause to believe and he does believe that intoxicating liquor, fermented and malt liquors, imitations and substitutes are being unlawfully kept for the purpose of selling, bartering, giving away and otherwise furnishing, in buildings and outhouses on the following described premises: J. J. Caldwell, on the gravel road west of Okemah; and, that there is in the cellar intoxicating liquors, wine and other beverages. Your affiant knows that wine is stored in and on the premises at this time."

Section 7012, C. O. S. 1921, upon the question of the issuing of a search warrant, is as follows:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

The description in the search warrant to search the premises of the defendant, as shown by the record, shows it was on the gravel road west of Okemah. There is nothing to show how far west of Okemah on the gravel road the premises sought to be searched are located, nor is there anything to show that the premises sought to be searched are in Okfuskee county, Okla., or where located. There is no description of the buildings and outhouses to be searched, or the survey of the land upon which the buildings are located. Unless the officers knew where the property was located, it would be impossible to locate the property by the description given in the search warrant. This description does not comply with the requirements of the statute and the holdings of this court. It has been many times held by this court that the search warrant must particularly describe the place to be searched, so

that the officer to whom it is directed may determine the location from the search warrant, and that no discretion as to the place to be searched is left to the officer. Phelps et al. v. State, 36 Okla. Cr. 213, 253 Pac. 910; Cahill v. State, 38 Okla. Cr. 236, 260 Pac. 91; Shanafelt v. State, 38 Okla. Cr. 345, 261 Pac. 380; Smith v. State, 40 Okla. Cr. 366, 269 Pac. 376; Abbott v. State, 44 Okla. Cr. 455, 281 Pac. 597; Tucker v. State, 45 Okla. Cr. 68, 281 Pac. 818.

The description of the property in the search warrant in this case falls far short of the description required by the statute. The warrant is in violation of the plain provisions of section 7012, supra, and the objections of the defendant to the introduction of the testimony secured under the search warrant and his motion to strike the same from the record should have been sustained.

The cause is reversed.

EDWARDS and CHAPPELL, JJ., concur.