## JOHN SHIPMAN v. STATE.

No. A-8219.   Nov. 21, 1931.

(5 Pac. [2d] 397.)

Claude A. Niles, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was charged by information with having unlawful possession of one gallon and one pint of whisky with intent to barter, sell, give away, transport, carry, convey, and otherwise sell and dispose of said liquor; was convicted by a jury of a violation of the prohibitory liquor laws as charged in the information, and sentenced to serve a term of imprisonment in the county jail for 30 days and pay a fine of $50 and costs, and has appealed.

When the case was called for trial and the jury was impaneled, the defendant objected to any testimony on the part of the state, for the reason that the testimony about to be offered was obtained by means of an illegal search warrant, and moved to quash the search warrant and suppress the testimony obtained by reason of the search warrant.   In the absence of the jury testimony was taken on the defendant's motion to quash the search

warrant, and in support of the motion to suppress on the hearing it was disclosed that one of the officers arrested the defendant and took him to jail and secured a search warrant and searched the defendant's house and smoke-house and found about a pint of whisky.

It is further disclosed that, when the officer made his return on the search warrant under which he secured the information, the warrant was held to be invalid, as it did not correctly describe the property. The officer, acting upon the information he had secured by reason of the invalid search warrant, secured another search warrant describing the premises to be searched as lots 4 and 5, in block 153, of the city of Checotah, Okla. These lots were searched, and nothing was found, but they searched lot 3, upon which was a barn, which lot was alleged to be owned by the defendant, and the testimony tends to show they found a gallon of whisky in the barn. Lot 3 is not described in the last search warrant, and one of the witness admit they got the information for the last search warrant by reason of the first search, which was decided to be illegal.

The state's witnesses had no knowledge of any violation by the defendant of the prohibition laws until they went upon the premises of the defendant to search under what they admit to have been a void search warrant.

A search warrant must describe the place to be searched with such reasonable certainty that the officers to whom it is directed can ascertain from it the place to be searched and no discretion as to the place is left to such officer. Smith v. State, 40 Okla. Cr. 366, 269 Pac. 376; Shanafelt v. State, 36 Okla. Cr. 345, 261 Pac. 380.

In this case it is shown that the officers operating under a void search warrant made an unlawful search, and

by reason of that unlawful search they went upon the premises of the defendant and searched his home. When it was discovered that the search warrant under which the officers acted was invalid, then, by reason of the information gained by reason of the unlawful entry upon the defendant's premises, they made affidavit and secured another search warrant to search lots 4 and 5, in block 153, of the town of Checotah. Acting upon that search warrant to search lots 4 and 5, they searched lots 4 and 5, and then searched lot 3, which was not included in the search warrant. A search warrant authorizing officers to search lots 4 and 5, in block 153, does not authorize them to search lot 3.

It is clear from the record that the search warrant in this case does not authorize the officers to search lot 3. The search is in violation of the provisions of section 7012, Comp. St. 1921. The motion of the defendant to suppress the evidence secured by reason of the search warrant was well taken and should have been sustained.

For the error of the court in overruling the defendant's motion to suppress, the cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., absent, not participating.