## VERGIL ADCOX v. STATE.

No. A-8376. Aug. 16, 1932.
(13 Pac. [2d] 593.)

C. L. Clearman, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was tried by agreement to the court, and the court found the defendant guilty of possession of intoxicating liquor and sentenced him to 60 days' imprisonment in the county jail and a fine of $200; from which judgment the defendant appeals.

Before the case was called for trial the defendant filed a motion to suppress the evidence, on the ground that the search warrant did not describe the premises to be searched as described in the affidavit. The defendant in support of his motion to suppress the evidence called J. O. Bell, the justice of the peace before whom the complaint was made and who issued the search warrant, and the following questions were propounded to the witness:

"Q. Do you remember issuing a search warrant for the Adcox place? A. More than one. Q. How many? A. I would not attempt to say that. Q. A dozen; was it as many as three or four? A. As many as that, possibly it would be under a dozen I presume. Q. Were those search warrants each time they were issued brought back to your office with a return on them? By Mr. Ivester: Objected to as incompetent, irrelevant and immaterial. By the Court: Sustained. By Mr. Clearman: Exceptions."

Several other questions were propounded to the witness with reference to the issuing of a search warrant on

October 24, 1931, to which objections were made, sustained, and exceptions saved by the defendant.

The defendant introduced a complaint which shows there were erased the figures "14," "24," and "October," and below the "24" was "14," and after the word "October" which had been erased, "November, 1931," The same erasures show to have been made on the back of the complaint. The same erasures show to have been made at the bottom of the search warrant before the signature "J. O. Bell, Justice of the Peace." On the back of the search warrant had been written: "Nothing found." The words, "Nothing found," had been erased.

In the taking of the testimony the defendant insisted that the original complaint was filed on October 14, 1931, the search warrant issued, and executed by the sheriff and nothing found. That again on October 24, 1931, the date in the complaint, which had been filed on October 14, 1931, was changed to October 24, 1931, and the warrant served by the sheriff. The defendant further contended that the date in the complaint that had been filed on October 14, 1931, was again changed to the 14th day of November, 1931, and the date in the search warrant that had been served by the sheriff and nothing found, had been changed to November 14, 1931; that the complaint and warrant had served its purpose; that the search made under the warrant, which date had been changed, was unlawful, and the evidence secured thereunder was inadmissible.

When the defendant made an effort to establish, by the justice of the peace, that the warrant had been served on a previous date by the sheriff and nothing found, the court refused to permit him to do so. The defendant reserved his exceptions to the ruling of the court in refus-

ing to let him show by the justice of the peace the truth as to the complaint and search warrant, where the dates show to have been changed. This, we think, was an error. The defendants should have been permitted to have fully questioned the justice of the peace as to the various changes in the dates in the complaint and the search warrant. If the search warrant, as shown by the indorsement on the back of it, had been served by the sheriff and nothing found, it could not be used again for the purpose of searching the defendant's premises.

Section 7009, C. O. S. 1921, in part reads as follows:

"And to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any."

Section 2886, C. O. S. 1921, under "Criminal Procedure," reads:

"A search warrant must be executed and returned to the magistrate by whom it is issued within ten days. After the expiration of these times respectively, the warrant, unless executed, is void."

There is no provision of law whereby the affidavit upon which the search warrant is based, and the search warrant returned to the magistrate with the indorsement thereon, may be removed and redated and used again. In Coatney v. State, 30 Okla. Cr. 270, 235 Pac. 942, the last sentence of the first paragraph of the syllabus reads as follows:

"Held, further, a search warrant once served cannot be further resorted to for the purpose of additional searches."

The record clearly shows that the complaint in this case was filed and dated October 14, 1931, describing a quarter section of land; that again on October 24, 1931, the "14" was erased and "24" written in, and the indorsement, "Nothing found," erased. This court cannot lend its indorsement to this kind of procedure. The court erred in refusing to permit the defendant to show by the justice of the peace the reason for the change of these dates.

It is further urged by the defendant that there is a variance in the complaint and the search warrant. An examination of the complaint and the search warrant introduced in support of the defendant's motion to suppress the evidence shows the complaint describes a quarter section of land, and the search warrant describes a certain portion of a quarter section by metes and bounds. The proof further shows that on the tract of land described, besides the defendant's family three other families had homes, at the time the search warrant was issued and served. It is well settled that a search warrant must conform to the affidavit. Thomas v. State, 38 Okla. Cr. 284, 260 Pac. 515.

"The warrant must describe the premises as described in the affidavit, and with such particularity that the officer to whom it is directed has no discretion as to the place to be searched, but can ascertain the place from the warrant." Alkire v. State, 51 Okla. Cr. 450, 2 Pac. (2d) 98, and cases therein cited.

For the reasons stated, the motion to suppress should have been sustained. The case is reversed and remanded.

EDWARDS and CHAPPELL, JJ., concur.