B. M. SHANKS v. STATE.

No. A-8997.   April 17, 1936.
(56 Pac. [2d] 1199.)

Hill & Hill and Long & Presson, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of having unlawful possession of intoxicating liquor and was sentenced to pay a fine of $300 and to serve 60 days in the county jail. Officers with a search warrant made a search of the residence of defendant and found 52 gallons of whisky. Defendant did not take the stand and offered no testimony. The only contentions made relate to the validity of the affidavit for search warrant and the search warrant. Before trial defendant moved to suppress the evidence and supported this motion by testimony. The motion was overruled. The affidavit is not in the record but the search warrant was introduced. It is regular on its face and authorizes search of a three-room house, occupied by defendant, located at 12 South Timmons street, Seminole City. It is argued that the affidavit was made on information, but since the affidavit was not introduced, the contention is not supported by the record. The objection made to the search warrant is that the house searched is not at 12 "South" Timmons, but at 12 Timmons street. Upon this point defendant, in support of his motion, testified:

"Q. Where did you live then? A. Twelve Timmons. Q. Did you live at Twelve South Timmons street? A. No, sir."

It appears the place was south of Broadway and that it was usual to refer to property south of Broadway as being south and that north of Broadway as north. But as a matter of plat description there is only one 12 Timmons street and that was the place searched.

Section 30, art. 2, Okla. Const., and section 2638, Okla. Stat. 1931, require that a search warrant shall describe the place to be searched as particularly as may be. This court in numerous cases has held the description must be such that no discretion is left to the officer, but that the place must be determined from the search warrant itself. This requirement is met by the search warrant here. The description is redundant and to that extent technically incorrect in using the word "South"; but since there is no other number 12 on Timmons street with which it could be confused, the error of description is immaterial.

The case is affirmed.

DAVENPORT and DOYLE, JJ., concur.