# WHITE v. STATE.

No. A-11643. July 16, 1952.

Rehearing Denied Sept. 24, 1952.

(246 P. 2d 420.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   Reece Lucus White was charged in the court of common pleas of Tulsa county with the offense of driving and operating a certain motor vehicle over and upon a public highway in the county of Tulsa while under the influence of intoxicating liquor; found guilty by the court and his punishment assessed at a fine of $100 and costs.   From this judgment and sentence defendant has appealed.

The state used three witnesses.   A highway patrolman who testified that he and his partner followed the defendant for some distance and observed his driving.   It was late at night, and defendant was weaving from side to side, and suddenly pulled in at a barbecue drive-in.   The patrolman asked the defendant to get out of the car, and witness testified that defendant "was found to be drunk."   He further testified that defendant admitted he had been drinking beer, and asked the patrolmen to take him home; that his speech was very thick, his eyes blood-shot, he could not walk straight and staggered, had a strong odor of alcoholic beverage about him, and in his opinion defendant was drunk.   He further testified that after explaining to defendant his constitutional rights, he agreed to take an intoximeter test.   That Trooper Henry was called. to give the test, which was given at the sheriff's office, and there were several other officers present.   This witness explained fully about the intoximeter test given, and the intoximeter was introduced in evidence.   On cross-examination he stated that the defendant was very co-operative, was dressed in work clothing, and told him that he had been driving a bus for 20 years.

H. L. Spencer, chemist and bacteriologist employed at the Medical Arts Laboratory, testified that the intoximeter was brought to him by Trooper Henry, and that it was sealed with the name Reece Lucus White on the label.

He testified in detail concerning the use and operation of the intoximeter, and that "We found 2.9 milligrams of alcohol in the sample which corresponds to a blood alcohol concentration of .25 per cent."

Dr. M. O. Hart testified that "A hundred percent of the people will be under the influence sufficient to impair their ability to operate an automobile at .15 per cent"; and this was not his opinion but was the opinion of recognized authorities, giving his authority for the statement.

The defendant testified in his own behalf, denied that he was drunk when arrested, but admitted that he had been drinking beer, and said that he had never been arrested before. On cross-examination he stated that he got off from work around 2 o'clock in the afternoon, and finally stated, with reference to the amount of beer that he had drunk, "I imagine six or seven glasses of beer." He stated that he took the intoximeter test because he didn't think he was drunk.

Defendant used one additional witness, a minister, who testified that defendant's reputation was good. He did not know defendant at the time of the arrest, but he had joined witness' church since that time.

The appeal in this case was filed in this court on September 13, 1951. The case was assigned for oral argument for May 28, 1952. No briefs have been filed in the case, and no appearance was made on behalf of defendant when the case was called for oral argument.

Rule 6 of this court provides:

"In each cause filed in this Court, appealed from a lower court from a conviction for a misdemeanor, counsel for plaintiff in error, unless otherwise ordered by the Court, shall serve his brief upon the Attorney-General within thirty days from the date of filing his petition in error; * * *."

And rule 9 reads:

"When no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

The defendant waived a jury and this cause was submitted to the court, who found the evidence sufficient to sustain the charge, and, accordingly pronounced judgment and sentence. This court has often held that where a jury is waived and a case tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with rasonable inferences and deductions, to be drawn therefrom, supporting the court's findings. Crim v. State, 68 Okla. Cr. 390, 99 P. 2d 185, 186; McCarthy v. State, 91 Okla. Cr. 294, 218 P. 2d 397.

We have carefully examined the record, and find that the information is sufficient to charge the offense of driving a motor vehicle while under the influence of intoxicating liquor; the evidence is amply sufficient to sustain the judgment and sentence. On the record before us, we have discovered no error which would warrant a reversal of the judgment, and it appears that the defendant was accorded a fair and impartial trial.

The judgment of the court of common pleas of Tulsa county is affirmed.

BRETT, P. J., and JONES, J., concur.