James KINDER, Petitioner in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14500.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1968.

W. E. Green, of Green, Feldman & Hall, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

James Kinder was charged in the district court of Tulsa County with knowingly receiving stolen property. A jury was waived and the case tried to the court, on March 22, 1967. The defendant was by the court found guilty and sentenced to serve one year in the county jail of Tulsa County.

██ Appeal was filed in this Court on November 3, 1967, and appellant had thirty days thereafter in which to file a brief in support of his appeal. No brief having been filed, and no extension of time requested within which to file brief, the Court assumed that the appeal was abandoned, and accordingly, on December 28, 1967 the case was summarily submitted on the record for an opinion. Gaston v. State, Okl.Cr., 284 P.2d 436; Dale v. State, Okl.Cr., 386 P.2d 334; Kelsey v. State, Okl.Cr., 400 P.2d 574; Ross v. State, Okl.Cr., 410 P.2d 565.

The appellant filed a certified transcript of the evidence offered, and all proceedings had at and prior to the trial. Attached thereto is what counsel styles "Petition on Appeal", in which he states: "the record in this case could not and was not completed as a casemade, but it does show a full and complete transcript of the record in this cause and this petitioner in error therefore appeals this cause on a transcript of the record * * *."

██ The defendant having waived a jury, the case was submitted to the court, who found the evidence sufficient to sustain the charge, and accordingly pronounced judgment and sentence. This Court has often held that where a jury is waived, and the case tried to the court, his findings, as to the guilt of the defendant, will not be reversed where there is any competent evidence in the record, together with reasonable inferences and deductions, to be drawn therefrom supporting the court's findings. Crim v. State, 68 Okl.Cr. 390, 99 P.2d 185; McCarthy v. State, 91 Okl.Cr. 294, 218 P.2d 397; White v. State, 95 Okl.Cr. 392, 246 P.2d 420.

██ This Court has repeatedly held that the consideration of an appeal by tran-

script is limited to a consideration of the errors appearing on the face of the record. In the case at bar, having a transcript of the evidence before us, we have examined the same, and find that the information is sufficient to charge the offense of knowingly receiving stolen property; the evidence is amply sufficient to sustain the judgment and sentence of the trial court, and the judgment and sentence is in proper form.

Herein we have discovered no error which would warrant a reversal of the judgment, and it appears that the defendant was accorded a fair and impartial trial.

The judgment and sentence of the district court of Tulsa County is affirmed.

BUSSEY, J., concurs.