## G. F. BRANDT v. STATE.

No. A-5583.   Opinion Filed June 10, 1926.
(246 Pac. 1106.)

J. N. Roberson and Homer Caldwell, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Appellant, G. F. Brandt, was convicted on an information charging that on November 19, 1924, he did have in his possession a compound mixture, com-

monly known as mash, and capable of being used for the distillation of intoxicating liquor, and in pursuance of the verdict of the jury was sentenced to pay a fine of $50 and be confined in the county jail for 30 days. To reverse the judgment he appeals.

To understand the errors assigned it is necessary to refer to the evidence. It appears that A. W. Culp, deputy sheriff, and W. A. Spicer, city marshal of Yukon, under authority of a search warrant, visited the premises occupied by appellant, where they found two barrels of mash buried in the creek bank about a quarter of a mile from appellant's house. They also found a keg of wine in the granary. They each testified that the bung came out of the keg, and the wine all spilled out on the way back.

Witness Culp testified that he made the affidavit upon which the search warrant issued, and produced the same, and, over appellant's objections, the affidavit, search warrant, and return thereon were admitted in evidence. The testimony of W. A. Spicer, to which exception was taken, is substantially that given by the witness Culp.

The witness Culp was recalled, and the county attorney asked leave to withdraw Exhibits A and B, the same having been found to be a wrong description of the premises, and leave to introduce the correct affidavit and search warrant, which the court permitted over appellant's objections.

The first affidavit and search warrant describes the premises as section 16, township 11, range 5, Canadian county, as a place where intoxicating liquors are received, manufactured, stored, and kept in violation of the prohibitory laws, but does not name any person as being in possession of said premises, and is made on informa-

tion and belief. The second affidavit is the same in every respect, except it describes the land as section 26. Both affidavits verified on the same day by A. W. Culp.

Counsel for appellant moved that all the evidence be stricken and withdrawn from the consideration of the jury. The court sustained the motion to strike as to the affidavit, search warrant, and return thereon as to the evidence with reference to the finding of the wine, for the reason that it was obtained under an illegal search warrant, and overruled the motion as to all evidence with reference to the mash and allowed exceptions. Counsel for appellant then moved the court for a directed verdict of acquittal, which was overruled.

As a witness in his own behalf, G. F. Brandt testified that he knew nothing whatever about the mash found by the officers; that the place was 50 yards beyond his cornfield; that Joe Helm lived on the adjoining quarter and is now serving time in the federal jail for manufacturing whisky. There was evidence showing that three or four parties occupied the Joe Helm place as tenants that year.

T. J. Hunker, of the First National Bank at Wheatland, and four or five other witnesses qualified as character witnesses, and each testified that the general reputation of G. F. Brandt in that neighborhood as to being a good and law-abiding citizen was always good.

It is well settled that a complaint for the issuance of a liquor search warrant is not sufficient if made on information and belief. 24 R. C. L. 708; 16 C. J. 292; Whitehead v. State, 28 Okla. Cr. 193, 230 P. 291; Hannan v. State, 29 Okla. Cr. 203, 233 P. 249.

In Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075, we held that;

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

On the record before us we are convinced that the search and seizure in this case was an unauthorized trespass, and that all the state's evidence was improperly admitted in violation of defendant's constitutional and statutory rights.

The judgment of the lower court is accordingly reversed and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.