CHARLES THOMAS v. STATE.

No. A-6078.    Opinion Filed Oct. 29, 1927.
(260 Pac. 515.)

Thomas Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DOYLE, P. J.    This appeal is from a judgment of conviction in the district court of Carter county, rendered on the verdict of the jury finding the defendant guilty of felonious possession of intoxicating liquor as charged in the information and assessing his punishment at a

fine of $50 and confinement in the penitentiary for the term of one year.

The Attorney General has filed the following confession of error:

"The defendant was convicted in the district court of Carter county, Okla., upon an information charging the felonious possession of intoxicating liquor, in which it was alleged that this was a second offense.

"Before the introduction of any evidence, the defendant filed his motion to exclude the evidence and testimony of the officers obtained by a search of defendant's home, for the reason that the search was in violation of sections 21 and 30, Bill of Rights, Oklahoma Constitution, and sections 2876-2880, Compiled Oklahoma Statutes 1921; alleging further that the warrant was not issued and procured as provided by law and that neither the affidavit nor search warrant complied with the requirements of the law. The attorney for the defendant further complains that the court erred in permitting the county attorney to prove the reputation of the defendant's place as being a place where intoxicating liquors might be had, sold, bartered, furnished, or otherwise disposed of. Counsel for the defendant objected to the introduction of this testimony for the reason that no proper predicate had been laid and that the same was incompetent, irrelevant, and immaterial. The attorney for the defendant further complains of the instruction of the court, which instruction complained of is as follows:

" 'Gentlemen of the jury, the laws of this state provide that it shall be unlawful for any person in this state to keep in excess of one gallon of spirituous or on gallou of vinous liquor, or any imitation thereof or substitute therefor, nor more than one cask of malt liquor or any imitation thereof, in one's residence, of course, the provisions of this act shall not apply to that for sacramental purposes, which contain as much as one-half of 1 per cent., measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States.'

"The Attorney General has carefully examined the petition in error and case-made attached, and finds that under the rulings of this court the objections made by the defendant were timely and that the record in this case presents such errors that this court must reverse the case at bar. The affidavit for the search warrant does not describe the place to be searched with any degree of particularity, except that it was in a certain building described as follows: 'Residence in Carter county,' and described the party named Charlie Thomas, at Old Graham, and then follows the description of the place as 'residence of Carter county.'

"The search warrant describes the place as '——— and ——— street in a certain building described as a one-story building in Old Graham, in Carter county, Okla.' This description of the location of the place where it was alleged that intoxicating liquors were being kept is not the same description as that contained in the affidavit for the search warrant, and, in the opinion of the Attorney General, is not a sufficient description of the location of the building to be searched as is required by the Constitution of Oklahoma and the rulings and decisions of this court.

"The Attorney General further says that the instruction of the court, to which the defendant objected, and to which he duly excepted at the time said instruction was given, has been condemned by this court in Ex parte Wilson, 6 Okla. Cr. 541, 119 P. 596; A. C. Flowers v. State, 8 Okla. Cr. 502, 129 P. 81; and numerous other decisions of this court.

"The Attorney General says that, under the rulings of this court, the reputation of the defendant's place could not be proven until it had first been established that his place had become a place of public resort. There was no attempt upon the part of the state to prove that this residence had ever been a place where people congregated or a place of public resort; but, on the contrary, the only evidence with reference to the place as a public resort was by one of the officers who testified that it was not a place of public resort.

"Under numerous decisions of this court, this testimony concerning the reputation of the defendant or his

residence should not have been permitted by the court, and we call the court's attention to the following cases: Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Klein v. State, 26 Okla. Cr. 173, 223 P. 201; Gore v. State, 24 Okla. Cr. 394, 218 P. 549—and the Attorney General says that this court has passed upon this question so often and that this rule has been so firmly fixed by the rulings of this court that further decisions are unnecessary.

"The Attorney General has examined the case-made, which includes the affidavit for search warrant, the search warrant, and the instructions of the court, together with the evidence, and it is the opinion of the Attorney General that the facts disclosed by such examination make it necessary that the Attorney General confess error herein. It is, therefore, the opinion of the Attorney General that this cause should be reversed and remanded, and if in the judgment of the court, the search warrant and affidavit are insufficient, that this cause should be dismissed."

We have carefully examined the record in this case and we are clearly of opinion that the confession of error is well taken, both as to the insufficiency of the affidavit and invalidity of the search warrant, and the instruction excepted to.

The judgment of the lower court is accordingly reversed.

EDWARDS and DAVENPORT, JJ., concur.