ALLEN A. JOHNSON et ux. v. STATE.

No. A-6502.   Opinion Filed July 3, 1929.
Rehearing Denied July 13, 1929.
(279 Pac. 366.)

Wieck & Armstrong, for plaintiffs in error.

Roy R. Carver, Co. Atty., and Chas. B. Duffy, Asst. Co. Atty., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Kay county on a charge of having possession of intoxi-

cating liquor, to wit, whisky, with intent to barter, sell, give away or otherwise furnish the same. Each of the defendants' punishment was fixed by the jury at a fine of $100 and to. be confined in the county jail for a period of 60 days. Judgment was duly rendered by the trial court upon this verdict and the defendants have appealed.

The first error of law complained of by the defendants is that the court erred in overruling their motion to suppress the evidence taken under the search warrant. The charging part of the affidavit reads as follows:

"R. E. Rader being first duly sworn on oath, deposes and says: That as to the following described premises, to wit: Lot 34 in Block 2 Irby Addition in the city of Tonkawa, Kay county, Oklahoma. Said premises being in the possession of Allen A. Johnson. That the above described premises are used exclusively as a resort for people to go at all hours of the day for the purpose of buying whisky and other intoxicating liquors; that a continuous stream of men are going to this place and coming from this place; and that no other business is being carried on at this place but the sale of liquor. A small assortment of cigars and cigarettes are carried in stock. And that it is a matter of common knowledge in Tonkawa that his business is selling whisky. Your affiant says further that: In March, 1924 and August, 1925, whisky was purchased from Allen A. Johnson and that they have continued in this business without intermission, same being a matter of record in the county court of this county. Your affiant says that: The general reputation of the place and premises in the community and neighborhood, is that it is a place where intoxicating liquor is being kept, concealed and sold."

In the case of Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"The finding of probable cause, as well as the issuing of the search warrant, is a judicial function, to be exer-

cised by the magistrate alone, upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence, as distinguished from the mere conclusions of the affiant."

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

The court is not offering this affidavit as a model, but is of the opinion that the facts alleged are sufficient to authorize the magistrate to issue the search warrant.

The defendants next complain that the order issued by the magistrate did not contain the name of the party making the affidavit. Section 2881, Comp. St. 1921, provides that the order "must be in substantially the following form." In the body of the form in parentheses are these words, "Naming every person whose affidavit has been taken." Provisions of this kind have always been held by this court to be directory and not mandatory. The failure to insert the name or names of the persons making the affidavit would be a. mere irregularity, and not a fundamental requirement, and the failure to insert the name in the warrant did not make the warrant void.

The defendants next complain that the officers having the search warrant pushed the door of the building open and entered without first demanding admittance and searched the premises before the warrant was served. The officers testified that they stood outside of the building, and looking through a window saw the defendant Mrs. Johnson serving liquor to different parties, and could hear

the rattle of money when change was made. After the officers pushed the door open, Mrs. Johnson emptied two pitchers in the sink. One of the officers rushed over to the sink and put his hand over the drain to prevent the liquor from running out, another officer pursued persons in the room toward the front of the building to arrest them, and another officer served the search warrant. It appears from the evidence of the state that the search warrant was probably not served until after the things recited above had taken place. Another officer helped the one who had his hand over the drain in the sink, and they scooped up two and one-half pints of whisky which the defendant Mrs. Johnson had dumped into the sink out of the pitchers.

While the service of the search warrant and the manner of service were irregular, it is not such an irregularity as would require a reversal of this case. The old saying that time and tide wait on no man is equally true of the bootlegger. To require the officers to observe the nice formalities of the law in the service of the search warrants would in many cases result in the destruction of the evidence and the defeat of the case. Public officers ought to observe the law themselves, and ought to be careful of the execution of process in their hands to comply with the requirements of the law, but we are of the opinion that the circumstances in this case as revealed by the evidence warranted the irregular procedure adopted by the officers.

The evidence being sufficient to support the verdict, and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.