## ALFRED ROBINSON v. STATE.

No. A.-7818.   Opinion Filed Nov. 15, 1930.
(295 Pac. 396.)

Hughes & Dickson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, for convenience referred to as the defendant, was convicted on a charge of having possession of intoxicating liquor, to wit, 18 half gallon jars of beer, and 56 half-pint bottles of beer, with the unlawful intent then and there on the part of him, the said Alfred Robinson, to violate the prohibitory liquor laws of the state of Oklahoma, and was sentenced to pay a fine of $50 and be imprisoned for 30 days; from which judgment the defendant has appealed to this court.

When the case was called for trial, the defendant objected to the introduction of the testimony offered by the state, on the ground that it was secured by an unlawful search and seizure, and that neither the affidavit nor the search warrant was sufficient to authorize the sheriff to

search the residence of the defendant. The description in the affidavit being:

"The north half of lot 17, and lots 18, 19, 20, 21, 22, 23 and 24, in block 44, in the original town of Guymon, in Texas county, Okla."

The objection of the defendant to the introduction of the testimony was overruled, and the defendant duly excepted.

Section 7013, C.O. S. 1921, reads as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Nowhere in the affidavit or search warrant is it stated that any part of the defendant's residence is used as a store, shop, hotel, boarding house, or place for storage, or that such residence is a place of public resort. The search warrant does not authorize the officer to search the residence of the defendant, or the buildings and curtilage used in connection therewith by the defendant. The testimony of the state fails to show that the residence of the defendant was located on the lands described in the affidavit and the search warrant.

The evidence in this case shows that the officers went to the residence of the defendant and under an invalid search warrant searched the private dwelling house and discovered the home-brew. The only evidence offered in this case as to the home-brew was obtained by this unlawful search and seizure. The affidavit upon which the search warrant was issued was wholly insufficient, in that it did not comply with the provisions of section 7013, supra.

There being no competent evidence in this case upon which a verdict of guilty could have been returned, the case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.