## JACK ALKIRE v. STATE.

No. A-7958.  Opinion Filed July 31, 1931.
(2 Pac. [2d] 98.)

J. F. Murray, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $150, and to serve 90 days in the county jail.

At the time charged, certain officers with a search warrant searched the residence of defendant and found about three gallons of whisky.  A motion to suppress the evidence was interposed and overruled.  The motion was based on the fact that the affidavit for search warrant described an apartment at 735½ North Peachtree street, in Ponca City.  The search warrant issued on this application described the place to be searched as 735½ Peachtree street.  The officers' return is that they searched the place described in the warrant, i. e., Peachtree street.

It is well settled that a search warrant must conform to the affidavit. Thomas v. State, 38 Okla. Cr. 284, 260 Pac. 515. The provisions of section 7012, Comp. St. 1921, are as follows:

"No (search) warrant shall issue but upon probable cause, supported by oath or affirmation describing, as particularly as may be the place to be searched, and the person or thing to be seized."

An affidavit for a warrant to search a place on North Peachtree street will not support a warrant to search a place on Peachtree street.

The warrant must describe the premises as described in the affidavit and with such particularity that the officer to whom it is directed has no discretion as to the place to be searched, but can ascertain the place from the warrant. Smith v. State, 40 Okla. Cr. 366, 269 Pac. 376; Abbott v. State, 44 Okla. Cr. 455, 281 Pac. 597; Tucker v. State, 45 Okla. Cr. 68, 281 Pac. 818; Doyle v. State, 49 Okla. Cr. 422, 295 Pac 237.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.