## WILL LOVE v. STATE.

No. A-8274.   Jan. 23, 1932.
Rehearing Denied May 28, 1932.
(11 Pac. [2d] 769.)

Green & Green and C. H. Glazner, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of

McIntosh county of a second and subsequent violation of the prohibitory liquor law and was sentenced to pay a fine of $50 and to serve a term of one year in the state penitentiary.

At the time charged a deputy sheriff and other officers with a search warrant searched a building in the possession of defendant and found therein several gallons of whisky. Defendant did not take the stand and offered no testimony.

The contention is made that the search warrant is invalid for the reason that the affidavit to procure was made on information and belief. The affidavit was identified by the deputy sheriff who verified it and it was presented to the magistrate as a basis for his ruling, but was not offered in evidence and is not incorporated in the case-made. The comment of the trial judge indicates it was verified in positive terms. Error is not presumed, but must be made to appear affirmatively. There is no merit in this contention.

Next it is argued the search was invalid for the reason that it was not made by the officer to whom the search warrant is directed. The warrant is in the usual form: To any sheriff or constable of McIntosh county. It was executed by a deputy sheriff whose authority and qualifications are not questioned. Counsel insist that the service of a search warrant, to be valid, must be made by the sheriff in person or he must be present. Section 2882, Comp. St. 1921, is:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on requiring it, he being present, and acting in its execution."

348

The foregoing section is to be construed with section 5899, Comp. St. 1921, which reads:

"The sheriff in person, or by his undersheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county."

A sheriff's deputy is his agent and as such agent he may do any ministerial act that his principal may do. The service of a search warrant directed to a sheriff by a deputy sheriff is the act of the sheriff whether he is personally present or not. 24 R. C. L. p. 979, § 73; 35 Cyc. p. 1529, § 3. Section 2882, supra, does not require that the sheriff shall personally serve process directed to him or that he shall be present personally when the same is served. The presence and act of the deputy is the presence and act of the sheriff. The purpose of this section is to prevent abuse of this process by private persons. Dunn v. State, 40 Okla. Cr. 76, 267 Pac. 279.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.