## MRS. RUBY WINGO v. STATE.

No. A-8508. March 25, 1933.
(20 Pac. [2d] 586.)

Wright & Wright, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter for convenience referred to as the defendant, was convicted of having possession of intoxicating liquor, and sentenced to pay a fine of $50, and to be confined in the county jail for 30 days.

The condition of the record is such that it is only necessary to consider defendant's first assignment of error, that the court erred in overruling her motion to suppress the evidence obtained by an unlawful search of the home and premises of the defendant.   The facts disclosed on defendant's motion to suppress shows that the officers possessed of a John Doe warrant, which described the premises to be searched as a one-story frame building and outbuildings located in the N. E. ¼ of section 22, township 13 north, range 3 west, Oklahoma county, Okla.   The affidavit for the search warrant described the premises to be searched as a one-story frame building and outbuildings located in the N. E. ¼ of section 28, township 13, range 3 west, Oklahoma county, Okla.

The testimony taken in support of the motion to suppress the evidence secured by the officers shows that the premises searched was the home of the defendant.   The affidavit for the search warrant does not name the defendant, nor does it state facts necessary to comply with section 3223, Okla. St. 1931, which is as follows:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

Section 2639, Okla. St. 1931, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

This court has repeatedly held that evidence obtained by the search of a private residence, on a warrant based on affidavit not containing statutory exceptions, is inadmissible. Robinson v. State, 49 Okla. Cr. 114, 295 Pac. 396.

No magistrate has power to issue search warrant for private residence unless it is made to appear that the same comes within the exceptions of the statute. Foster v. State, 27 Okla. Cr. 270, 226 Pac. 602; Williams v. State, 30 Okla. Cr. 39, 234 Pac. 781; Kolander v. State, 33 Okla. Cr. 31, 241 Pac. 837.

In Kinney v. State, 32 Okla. Cr. 115, 240 Pac. 325, this court said:

"Evidence * * * obtained by unlawful search and seizure, should be excluded."

In Ford v. State, 34 Okla. Cr. 184, 245 Pac. 909, this court said:

"Where a magistrate has no jurisdiction to issue a search warrant, the warrant so issued is a nullity, under which a peace officer cannot legally act in any capacity, and evidence obtained thereby is inadmissible."

The Attorney General in his brief directs the attention of the court to Miller v. State, 34 Okla. Cr. 103, 245 Pac. 68, and Brandt v. State, 34 Okla. Cr. 400, 246 Pac. 1106, and states: "The decision of this court in the Miller Case, and other cases, to the same effect, clearly supports the contention of counsel that a search of the premises of

the defendant, in the N. E. ¼ of section 28, was not supported by any showing of probable cause, describing premises located in an entirely different section from the affidavit for the search warrant, and did not set out the name of this defendant as the owner of the premises but only used the name of John Doe, which was meaningless so far as this defendant was concerned."

This court accepts the statement of the Attorney General, and holds that the motion of the defendant to suppress the evidence should have been sustained as being an unreasonable and unauthorized search, and that the evidence obtained by virtue of such a search should have been suppressed.

For the reasons stated, the judgment of the trial court is reversed, with directions to dismiss the case.

CHAPPELL, J., concurs. EDWARDS, J., not participating.