JOHN C. SEICK v. STATE.

No. A-8869.   Aug. 9, 1935.
(48 Pac. [2d] 355.)

Wright & Wright, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (Paul W. Updegraff, of counsel), for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county of having possession of intoxicating liquor and was sentenced to pay a fine of $300 and to serve 90 days in the county jail.

At the time charged the sheriff and three deputies went to defendant's premises and found a quantity of whisky in several different containers.   A motion to suppress on ground of illegal search was overruled.   Defendant did not take the stand and offered no testimony.

The only contention that requires discussion is that the search of defendant's residence was illegal.   Section 30, art. 2, of the Constitution is:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches

or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The affidavit for a search warrant describes the premises as the "S. ½ of S. E. ¼, Tp. 10, R. 3 W. of I. M., in Cleveland county, Okla." No section is named and it is apparent the S. ½ S. E. ¼ of a township would contain four and one-half sections. The warrant reads "S. ½ of S. E. ¼ of section 15, Tp. 10, R. 3 I. M. Cleveland county." The requirement of the Constitution that the affidavit shall describe as particularly as may be the place to be searched is not met by an affidavit which describes lands amounting to four and one-half sections. Brandt v. State, 34 Okla. Cr. 400, 246 Pac. 1106; Hall v. State, 34 Okla. Cr. 334, 246 Pac. 642. In the Hall Case this court held:

"An affidavit for search warrant for the search of an entire section of land is in violation of section 30, art. 2, of the state Constitution."

The search warrant does not follow the description of the affidavit, but adds to it a further description of "section 15" and omits the designation of "west" in the description of the range. Ordinarily, this east or west range description would not be of any consequence, but since Cleveland county is in both range east and west it becomes material. The authority for a search warrant is an affidavit showing probable cause. The warrant must in all material respects conform to the affidavit. The officer issuing it may not materially change, enlarge, or vary the description in the affidavit. Thomas v. State, 38 Okla. Cr. 284, 287, 260 Pac. 515; Alkire v. State, 51 Okla. Cr. 410, 2 Pac. (2d) 98; Wingo v. State, 54 Okla. Cr. 321, 20 Pac. (2d) 586. In Cornelius on Search and Seizure, § 131, it is said:

"Under the strict construction which the courts have applied to search warrant proceedings, any material variance between the averment in the affidavit with respect to a description of the property sought to be searched and the warrant itself, will render the search warrant proceedings void, and will render any search made thereunder illegal."

This is supported by numerous illustrations of the rule stated. In Alkire v. State, supra, this court held:

"Search warrant cannot be issued to search place other than that described in affidavit for warrant."

It follows that since the search warrant departed from the description in the affidavit it is invalid. The state admits the warrant is probably void, but contends that defendant waived the search warrant and invited the search. This court has many times held in substance that where a peace officer enters upon the premises of another and informs him he has a search warrant and the owner answers that he may go ahead and search or in similar language, he does not waive his constitutional rights, but such language is construed as a statement of an intention not to resist and not as an invitation to search. Hancock v. State, 35 Okla. Cr. 96, 248 Pac. 1115; Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142; Shockley v. State, 35 Okla. Cr. 437, 251 Pac. 514; Meno v. State, 197 Ind. 16, 148 N. E. 420 (superseded by opinion 164 N. E. 93). For reasons assigned, the case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.