## MRS. SAM LYNCH v. STATE.

No. A-9595.   Dec. 29, 1939.
(98 P. 2d 625.)

Crawford & Huddleston, of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

DAVENPORT, J. Mrs. Sam Lynch was by information jointly charged with her husband, Sam Lynch, in the county court of Pontotoc county with the unlawful possession of intoxicating liquors, was tried separately, found guilty, and sentenced to pay a fine of $50 and to serve a jail sentence of 30 days, and appeals.

Before the case was called for trial, the defendant filed her motion to quash and set aside the information filed in the case, and to suppress the evidence procured by search warrant.

Among the grounds alleged for the quashing of the information and suppression of the evidence, the defendant stated that the said affidavit for the said search warrant and the search warrant, and both of them and each of them, are indefinite, uncertain and do not describe the property intended to be searched in the proper manner and sufficiently definite to entitle the search warrant to be served upon this defendant's residence.

This motion was overruled; and the defendant reserved an exception.

After an examination of this record, it is only deemed necessary to consider the question raised by the defendant in her motion to suppress the evidence. Her first assignment of error is that the court erred in overruling her motion to suppress the evidence procured by the search warrant, to all of which the plaintiff in error duly objected and excepted at the time.

The statement in the affidavit is as follows:

"That in Pontotoc County, State of Oklahoma, on the 20th day of March, 1937, the above named defendants, Sam Lynch located in Harden City at the intersection of the

cross roads in the SE of Intersection, a frame building facing W. used and occupied as a grocery store, and dwelling in rear, and a public place of resort, in Pontotoc County, Oklahoma, did then and there, unlawfully and willfully have in their possession and under their control, and did, then and there keep and do now have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away, and otherwise furnishing certain intoxicating liquors described as follows, to-wit: Whisky, wine and gin _____"

Section 2638, O. S. 1931, 37 Okla. St. Ann. § 87, reads as follows:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

Section 2639, O. S. 1931, 37 Okla. St. Ann. § 88, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

It is urged by the defendant that the application for the search warrant is insufficient for the reason that the affidavit does not comply with the requirements for a search warrant issued to search a residence of an individual. The language in the affidavit is indefinite, uncertain, and does not describe as particularly as it should the place to be searched. It will be seen from the affidavit that it attempts to describe where a grocery store of the defendant is located, and then says, "dwelling in rear, and a public place of resort," located in Pontotoc county, Oklahoma. The affidavit does not state that the "dwelling in rear" is the residence of the defendant or by whom it is occupied or to whom it belongs.

Just how far in the rear of the grocery store the dwelling is located cannot be ascertained from the affidavit. "In rear" might be some distance away. And what the affiant means by "and a public place of resort, in Pontotoc county, Oklahoma," followed after the comma following the "dwelling in rear, and a public place of resort," cannot be understood and interpreted from the language used in the affidavit.

Nowhere in the affidavit is it stated that the "dwelling in rear" of the grocery store is the residence of the defendant; but on the motion to suppress, it is disclosed that the dwelling attempted to be described in the affidavit was occupied by the defendant and her husband. It is not stated in the affidavit that any part of the dwelling mentioned in the affidavit is used to violate the prohibition law as provided in section 2639, O. S. 1931, 37 Okla. St. Ann. § 88, supra.

This court has many times held that before a warrant should issue to search a private residence occupied as such, it was necessary to allege that some part of it was being used as a store, shop, hotel, boarding house, or a place for storage, or unless such residence is a place of public resort. Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Coatney v. State, 30 Okla. Cr. 270, 235 P. 942; Kolander v. State, 33 Okla. Cr. 31, 241 P. 837.

On the motion to suppress the evidence the state did not offer any evidence to show that the residence of this defendant which was searched was a residence where people congregate for any illegal purpose; in fact, no evidence at all was introduced on the motion to suppress showing any requirement of the statute in order to predicate a search warrant to search the residence of the defendant. No one could have taken the warrant issued who

was not familiar with the grocery store of the defendant and found the place without making inquiry, as the description in the warrant is so indefinite and uncertain as to where the store is located and where the dwelling house (if the party making the affidavit intended to mean it was the residence of the defendant) is located other than in the rear of the grocery store building; whether it is away to the rear or whether it is a part of the building of the grocery store is not described by the affidavit.

In Robinson v. State, 49 Okla. Cr. 114, 295 P. 396, in the first paragraph of the syllabus this court said:

"In a prosecution for illegal possession of intoxicating liquor, state's evidence obtained by search of private residence on warrant based on affidavit containing none of exceptions for search of residence in section 7013, Comp. St. 1921, is inadmissible."

The affidavit upon which the search warrant was issued was wholly insufficient in that it did not comply with the provisions of section 7013, C. O. S. 1921, now section 2639, O. S. 1931, 37 Okla. St. Ann. § 88.

In Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238, this court in the first paragraph of the syllabus stated:

"All unlawful searches and seizures are unreasonable within the meaning of section 30, Bill of Rights, forbidding unreasonable searches and seizures."

The motion of the defendant to suppress the evidence was well taken, and for the reasons herein stated that the affidavit upon which the search was predicated was insufficient.

We may remark here that Sam Lynch, and appellant, Mrs. Sam Lynch, jointly charged, are husband and wife, and while the question of the fact of coverture was not raised in the court below, it was incumbent upon the

state to prove independent acts connecting Mrs. Sam Lynch with the possession of the 12 pints of whisky found in their home, and more than her mere presence on the premises. Penal Code, sec. 1802, 21 Okla. St. Ann. § 157.

In the case of Sentell v. State, 61 Okla. Cr. 229, 67 P. 2d 466, 468, we said:

"The general rule that, as to criminal acts committed in the presence of her husband, a married woman is presumed to have acted under coercion, is, of course, where recognized, applied to cases of liquor-law violation. But in proving the unlawful manufacture, or the possession of liquor, or the maintenance of a liquor nuisance, distinctive questions are presented in reference to inferences arising from the wife's presence, her failure to object or to take other action, or her assistance rendered in avoiding detection of the crime. In such cases, the rule generally recognized, even where the presumption of coercion does not obtain, is that the husband as the head of the household is presumptively responsible for conditions there, and that the wife cannot be held accountable therefor in the absence of some evidence of guilt in addition to the fact of her mere presence in the place of the offense." And see Paris v. State, 66 Okla. Cr. 236, 90 P. 2d 1078.

The judgment of the trial court is reversed.

DOYLE, P. J., and BAREFOOT, J., concur.