ROY McAMIS v. STATE.

No. A-10179.    Sept. 8, 1943.

(141 P. 2d 301.)

H. C. Ivester, of Sayre, for plaintiff in error.

282

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. This is an appeal from a conviction in the county court of Beckham county, Okla., wherein the defendant, Roy McAmis, was sentenced to serve 30 days in the county jail and pay a fine of $50 for unlawful possession of intoxicating liquor.

Only one issue is presented. It is contended that the court erred in overruling the motion to suppress the evidence filed by the defendant for the reason that the description in the search warrant is insufficient because it does not state in what county or state the property to be searched is located, and further, in describing the township and range, the word "North" was omitted and does not appear in the description.

That part of the search warrant at which complaint is directed reads:

"Proof by affidavit having been made this day before me by Earl Francis showing that there is probable cause to believe that on the 7 day of May, 1941, in Beckham County, State of Oklahoma, at Sayre, in the County of Beckham in a certain building, described as follows:

"Beginning at a point on the West Line of U. S. Highway #66 75 feet north and east of the point where the west line of U. S. Highway #66 intersects the south line of the North East ¼ of Section 8, twp 9, Range 23 W. I. M. Thence west 220 feet, thence north 330 feet, thence east to the west line of the right of way of said U. S. #66 Highway, then following said line to point of beginning  *  *  *."

In the hearing on the motion to suppress only one witness was introduced and she was placed upon the witness stand by the state. In connection with the question as to whether or not the failure to insert the word "North",

in referring to the township, rendered the search warrant fatally defective, this witness, who was an abstracter in the city of Sayre, testified:

"Q. With reference to section 8, township 9, range 23, would that be in Beckham county, Oklahoma? A. Yes, sir that would be in Beckham county. Q. Could there be section 8, township 9, range 23 W. I. M. south? A. No. Q. For what reason? A. Because it only runs, I think, to about 3, I could look and see. Q. I hand you this map of the State of Oklahoma. A. There would be one and part of two south. Q. Therefore, there could only be one section 8, township 9, range 23 W. I. M. A. Yes, sir, there would just be one."

This court, in Seick v. State, 57 Okla. Cr. 364, 48 P. 2d 355, reversed a conviction for omission of the designation of the range in the description. The reversal, however, was based upon the fact that in Cleveland county, where the case arose, the legal description would have fitted either east or west range. A similar situation does not exist in this case. According to the testimony of the abstracter, there could not be a section 8, township 9 south, range 23 W. I. M.

It is further insisted that there is a material variance from the description named in the search warrant from that set forth in the affidavit, and that the statement in the search warrant, as follows: "Proof by affidavit having been made this day before me by Earl Francis showing that there is probable cause to believe that on the 7 day of May, 1941, in Beckham County, State of Oklahoma, at Sayre, in the County of Beckham in a certain building, described as follows: * * *" is an insertion by the justice of the peace and not based upon any facts before him set forth in the affidavit for a search warrant.

The particular description of the premises, including the name of the defendant, as set forth in the search war-

rant, is identical to that in the complaint, including the description of the premises by metes and bounds and by section, township and range.

The affidavit did not mention that the premises were located in Beckham county, although all of the rest of the description is specific and it is sworn to before G. H. Hedick, justice of the peace for Sayre city, district No. 1 in Beckham county.

In the closing prayer of the affidavit we find the following:

"Affiant prays that a search warrant be issued to the sheriff or any constable of Beckham County commanding him to search the premises and seize all liquors therein and otherwise proceed according to law."

We think this closing paragraph, when considered together with the very particular description set forth in the affidavit, is sufficient to justify the justice of the peace in issuing a search warrant for the premises described in the affidavit and further stating that they are located in Beckham county, State of Oklahoma. It would be a very technical and strained construction if we should hold otherwise.

An examination of th record discloses that the sheriff and other officers of Beckham county went to the premises where defendant's tavern was located, and there in a box at the side of defendant's house found 14 pints of whisky and 3 pints of gin. No testimony was offered on behalf of defendant.

It is our conclusion that defendant had a fair and impartial trial and that the judgment of conviction should be affirmed.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.