# PETE MORRISON v. STATE.

No. A-10965.   March 9, 1949.

(204 P. 2d 544.)

Walter Billingsley, of Wewoka, for plaintiff in error.

446

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error, the defendant below, was charged by information with the unlawful possession of intoxicating liquors. The evidence discloses that he was in the possession of five pints of whisky. He waived a jury and was tried before the court, found guilty, and sentenced to 30 days in the county jail and to pay a fine of $150; a motion for new trial was overruled, and this appeal perfected.

The principal contention relied on by the defendant is that the court erred in overruling his motion to strike and to suppress the state's evidence. This contention is based upon the following state of facts as revealed by the record: a complaint and affidavit for search warrant was ostensibly prepared for C. N. Lyon, deputy sheriff, which reads in part as follows, to wit:

"Comes now, C. N. Lyon, of lawful age, being first duly sworn according to law, upon oath deposes and says (thereafter follows the allegations of fact to support the issuance of a search warrant)."

This complaint and affidavit was sworn to on September 7, 1946, not by C. N. Lyon but by J. H. Sandlin before Rudolph Hill, justice of the peace. On the same day, September 7, 1946, a complaint and affidavit was prepared for J. H. Sandlin which was likewise executed by him. The record is most unsatisfactory as to when J. H. Sandlin executed the said complaints and affidavits. It is altogether possible that the affidavit prepared for his signature may have been executed long after the service of the search warrant, and after the same had become dead as a legal instrumentality. It appears that it may not have formed any part of the basis upon which the search warrant was originally is-

sued and served. The justice of the peace and the officers do no remember when the affidavit and complaint or either of them was executed. The record is conclusive, however, that no complaint or affidavit was ever executed by C. N. Lyon, the deputy sheriff, but, upon the belief that C. N. Lyon had executed an affidavit the justice of the peace issued a search warrant, reciting in part "proof by affidavit having this day been made before me by C. N. Lyon showing probable cause and belief that intoxicating liquors, imitations thereof and substitutes therefor, the sale of which is prohibited by the laws of the State of Oklahoma, are being manufactured, sold, bartered, given away and otherwise furnished; etc."

Here it clearly appears that a search warrant was issued on the erroneous assumption that C. N. Lyon executed the complaint and affidavit for the same, which he did not do. The search warrant is limited to his affidavit by naming him only, as the basis upon which the search warrant was issued, thereby lending credence to the proposition that the second affidavit executed by J. H. Sandlin may not have been executed by him until later and after the return of the search warrant. If both affidavits were actually executed at the time of the issuance of the search warrant, the directions contained in Title 22, O.S.A. 1941 § 1226, should have been followed. The warrant must be in substance in the following form:

"County of ——————————. In the name of the State of Oklahoma. To any sheriff, constable, marshal or policeman in the county of ——————————. Proof by affidavit having been this day made before me, by (naming every person whose affidavit has been taken) * * *."

It is clear that under the statute, if any complainant or affiant is to be named, they should all be named. The effect of the warrant should not be limited to the affidavit of one affiant if there were others. We believe it is clear that such is the intent of the statute. However, it has been held that it does not render the search warrant void not to name any of the complainants or affiants in the search warrant. In Johnson v. State, 43 Okla. Cr. 407, 279 P. 366, 367, this court said:

"The defendants next complain that the order issued by the magistrate did not contain the name of the party making the affidavit. Section 2881, Comp. St. 1921 [22 O.S. 1941 § 1226], provides that the order 'must be in substantially the following form.' In the body of the form in parentheses are these words, 'Naming every person whose affidavit has been taken.' Provisions of this kind have always been held by this court to be directory and not mandatory. The failure to insert the name or names of the persons making the affidavit would be a mere irregularity, and not a fundamental requirement, and the failure to insert the name in the warrant did not make the warrant void."

It is essential, however, that the search warrant be issued upon a complaint and affidavit sufficient in form and substance to support the search warrant. In Bowdry v. State, 60 Okla. Cr. 46, 61 P. 2d 31, this court said:

"A search warrant is void if issued without an oath or affidavit as required by law."

The search warrant herein issued on the purported affidavit of C. N. Lyon certainly does not meet the requirements of the law. The affidavit prepared for execution upon facts allegedly known to C. N. Lyon could

not properly be sworn to by J. H. Sandlin. In any event it could not be said to be the affidavit of C. N. Lyon who executed no affidavit.

Moreover, the test of the sufficiency of a complaint and affidavit for search warrant was, stated in Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238, as follows:

"True test of sufficiency of complaint or affidavit to warrant issuance of search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false."

In the case at bar the facts do not meet the test. Here, C. N. Lyon could not be prosecuted for perjury because he made no affidavit. J. H. Sandlin could not be prosecuted for perjury since the search warrant naming only C. N. Lyon as affiant was not issued and served on the basis of Sandlin's affidavit. We believe the facts support the conclusion that the search warrant in the case at bar was issued without a valid affidavit. In view of the fact that the search warrant was not issued on a valid affidavit the same is therefore void.

Furthermore, it necessarily follows that the search warrant does not conform strictly to the constitutional and statutory provisions to support the search and seizure. In Kuhn v. State, 70 Okla. Cr. 119, 104 P. 2d 1010, 1013, this court said:

"Under provisions of State and Federal Constitutions against unreasonable searches and seizures, it is uniformly held that a search warrant must conform strictly to the constitutional and statutory provisions for its issuance, and no presumptions of regularity are to be invoked in aid of process under which an officer obeying its command undertakes to justify."

450

Such matters are not left open to speculative processes. To support the proceeding herein as to the search and seizure, the court would be compelled to indulge presumptions of regularity in aid of process when the record is altogether too indefinite and uncertain as to support regularity of the proceedings. Under these conditions the court erred in not sustaining defendant's motion to suppress. For the foregoing reasons this case must be and the same is hereby reversed and remanded, with directions to dismiss.

JONES, P. J., and BAREFOOT, J., concur.