## BURNS v. STATE.

No. A-11187.   June 30, 1950.

(220 P. 2d 473.)

Robt. H. Warren, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Lawrence Burns, defendant below, was charged by information with the unlawful possession of intoxicating liquor in the county court of Choctaw county, Okla., tried by a jury and found guilty, his punishment fixed at a $100 fine and 30 days in jail, judgment and sentence was entered accordingly from which this appeal has been perfected.

As grounds for reversal herein, the defendant contends, first, that the court erred in not sustaining his motion to suppress the evidence, that there was a variance in the affidavit and the warrant in that the description of the premises to be searched contained in the warrant does not conform to that set forth in the affidavit for search warrant, and that said warrant is otherwise uncertain and vague. The affidavit describes the premises as "a frame building looking like a filling station with tourist courts to the West of said building, on the North side of Highway 70 about ½ mile West of McCurtain County Line used as such and also used as a storage for liquor; also barns, caves, garages and all outbuildings located on the SW Quarter of Section 24, Township 6 South, Range ———— of the I. M., Choctaw County, Oklahoma,". The description contained in the search warrant itself contains in addition to the description contained in the affidavit the words and figures "20 East". It is therefore apparent that in the search warrant there was an attempt to supply the deficiency in the affidavit by adding the said words "20 East". It is well settled by numerous prior decisions of this court that the description contained in the search warrant must conform in all material respects to that contained in the affidavit otherwise the search warrant is void and the place named therein cannot be lawfully searched and contraband seized. Alkire v. State, 51 Okla. Cr. 410, 2 P. 2d 98, wherein it was said in the body of the opinion:

"It is well settled that a search warrant must conform to the affidavit. Thomas v. State, 38 Okla. Cr. 284, 260 P. 515."

In Seick v. State, 57 Okla. Cr. 364, 48 P. 2d 355, 356, a case clearly in point, in the body of the opinion it was said:

"The search warrant does not follow the description of the affidavit, but adds to it a further description of 'section 15' and omits the designation of 'west' in the description of the range. Ordinarily, this east or west range description would not be of any consequence, but since Cleveland county is in both range east and west it becomes material. The authority for a search warrant is an affidavit showing probable cause. The warrant must in all material respects conform to the affidavit. The officer issuing it may not materially change, enlarge, or vary the description in the affidavit. Thomas v. State, 38 Okla. Cr. 284, 287, 260 P. 515; Alkire v. State, 51 Okla. Cr. 410, 2 P. 2d 98; Wingo v. State, 54 Okla. Cr. 321, 20 P. 2d 586. In Cornelius on Search and Seizure, § 131, it is said: 'Under the strict construction which the courts have applied to search warrant proceedings, any material variance between the averment in the affidavit with respect to a description of the property sought to be searched and the warrant itself, will render the search warrant proceedings void, and will render any search made thereunder illegal.' "

The foregoing defect standing alone in this instance is not fatal, as pointed out in Seick v. State, supra, but the description of the place to be searched is vague and uncertain in that Highway 70, it is contended without contradiction, crosses the McCurtain county line on the east side of Choctaw county at several different places. It has been repeatedly held that the search warrant must so particularly describe the place to be searched that the officer can find the place without the aid of any other information save that contained in the warrant. Dawson v. State, 90 Okla. Cr. 30, 210 P. 2d 209, and cases therein cited. The uncertainty of such a description as in the case at bar, is wholly apparent without necessity of further comment. The defendant's first contentions are therefore meritorious.

The defendant next contends that it was error for the court not to sustain the motion to suppress for the reason that the affidavit to obtain the search warrant was not properly made, signed and verified. The affidavit was prepared for verification by Bird Collins, sheriff of Choctaw county, but was actually signed by W. E. Page who verified the affidavit in no official capacity. When this verification was made Bird Collins, the sheriff, was not even present and did not know the search warrant was to be issued. Moreover, the warrant is directed to Bird Collins and to no other officer or person in the county. Clearly the affidavit for search warrant herein was invalid. An identical case decisive of this issue is that of Morrision v. State, 88 Okla. Cr. 445, 204 P. 2d 544, wherein it was said in the body of the opinion:

"The search warrant herein issued on the purported affidavit of C. N. Lyon certainly does not meet the requirements of the law. The affidavit prepared for execution upon fact allegedly known to C. N. Lyon could not properly be sworn to by J. H. Sandlin. In any event it could not be said to be the affidavit of C. N. Lyon who executed no affidavit.

"Moreover, the test of the sufficiency of a complaint and affidavit for search warrant was stated in Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238, as follows: 'True test of sufficiency of complaint or affidavit to warrant issuance of search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false.'

"In the case at bar the facts do not meet the test. Here, C. N. Lyon could not be prosecuted for perjury because he made no affidavit. J. H. Sandlin could not be prosecuted for perjury since the search warrant naming only C. N. Lyon as affiant was not issued and served

on the basis of Sandlin's affidavit. We believe the facts support the conclusion that the search warrant in the case at bar was issued without a valid affidavit. In view of the fact that the search warrant was not issued on a valid affidavit the same is therefore void."

The Morrison case is controlling of the issues herein involved, and the affidavit upon which the search warrant was issued was void.

Finally, the defendant contends that the search and seizure was further void for the reason the search was not made by any person designated in the warrant or made under his direction. It appears that the search warrant was issued to Bird Collins, sheriff of Choctaw county, Okla., and to him only. The defendant contends that since the warrant was served by W. E. Page and not by Bird Collins, sheriff, it was not served as by law provided. This contention is predicated upon the provisions of Title 22, § 1227, O.S.A. 1941, as follows:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

Search warrants should ordinarily be issued "To any sheriff, constable, marshal or policeman in the county of * * *". Title 22, § 1226, O.S. 1941. This contention would have merit were it not for the provisions of Title 19, § 514, O.S.A. 1941, reading as follows:

"The sheriff in person, or by his under-sheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county."

As was said in Love v. State, 53 Okla. Cr. 346, 11 P.. 2d 769, the aforesaid statutes must be construed together and so construed, "do not require that the sheriff shall personally serve or shall personally be present at the service of a search warrant directed to the sheriff. Such search warrant may be served by a deputy sheriff, as the agent of his principal. His act is the act and presence of the sheriff." In the body of the opinion this court said:

"A sheriff's deputy is his agent and as such agent he may do any ministerial act that his principal may do. The service of a search warrant directed to a sheriff by a deputy sheriff is the act of the sheriff whether he is personally present or not. 24 R.C.L. p. 979, § 73; 35 Cyc. p. 1529, § 3. Section 2882, supra, does not require that the sheriff shall personally serve process directed to him or that he shall be present personally when the same is served. The presence and act of the deputy is the presence and act of the sheriff. The purpose of this section is to prevent abuse of this process by private persons. Dunn v. State, 40 Okla. Cr. 76, 267 P. 279."

The service of the warrant by W. E. Page as deputy sheriff of Choctaw county, if the same had been procured as by law provided, would have been good as against the defendant's objections. However, there was no evidence taken in the hearing on the motion to suppress that W. E. Page was then a deputy sheriff though it did develop in the hearing on the merits that he was a deputy sheriff. The hearing on the motion to suppress was on October 20, 1948, and the hearing on the merits on November 3, 1948. So in passing on the motion to suppress there was no evidence to show Page's official capacity. In light of the foregoing facts and the law applicable thereto the court erred in failing to sustain the motion to suppress. The Attorney General confessed in open court his inability to meet the issues herein raised

and has not filed a brief and we can only assume that he is still of the opinion he is not able to answer the contentions of the defendant. For all of the various reasons hereinbefore set forth this case is accordingly reversed with directions to dismiss.

JONES, P. J., and POWELL, J., concur.