Harold McGEE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-11.

Court of Criminal Appeals of Oklahoma.

May 18, 1982.

Marvin Liddell, Ardmore, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from a conviction of Larceny of a Motor Vehicle, in Johnston County District Court, Case No. CRF–79–42, wherein punishment was set at seven (7) years' imprisonment with three (3) years suspended, appellant, Harold McGee, argues in his single assignment of error that evidence should have been suppressed due to the invalidity of a search warrant.

■ In the first of a four part argument, the appellant contends that the affidavit upon which the warrant was premised fails to establish the reliability of the informant. This assignment is not meritorious. Unlike the cases cited by appellant, the affidavit in the instant case contained information supplied by a named informant, David Carroll. The informant was also an admitted participant in the theft and transportation of the stolen property.

In *Luker v. State*, 504 P.2d 1238 (Okl.Cr. 1972), this Court held that where an affidavit for a search warrant is based on specified factual information given by a named informant, it is not necessary that the affidavit set forth details to indicate the reliability of the informant and the credibility of his information. Further, in *Gentry v. State*, 562 P.2d 1170 (Okl.Cr.1977), we held:

A second factor which establishes the informant's credibility is that he made declarations against his penal interests. The United States Supreme Court, in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), stated as follows:

'. . . Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility-sufficient at least to support a finding of probable cause to search. . . .' 403 U.S. at 583, 91 S.Ct. at 2082.

In *Pierce v. State*, 491 P.2d 335 (Okl.Cr. 1971), this Court adopted the Supreme Court's reasoning.

Based on the foregoing, the affidavit clearly shows the reliability of the informant, David Carroll, in this case. Thus, the argument proposed by appellant is rejected.

■ Next, the appellant contends that the search warrant is invalid since it fails to name the affiant. While it is true that the search warrant in the case omits the name of the affiant, Sheriff Reed, the omission does not render the warrant illegal.

In *Morrison v. State*, 88 Okl.Cr. 445, 204 P.2d 544 (1949), the syllabus by the court holds:

The failure of the magistrate who issues a search warrant to insert in the search warrant the name or names of the parties swearing to the information is an irregularity which does not render the search warrant illegal.

The omission to insert Sheriff Reed's name in the search warrant did not render it illegal nor invalid.

■ Turning to the next phase of appellant's argument, we have carefully reviewed the search warrant and the affidavit in support thereof and find them to be

sufficient in their description of the premises that were to be searched. The issuing magistrate had before him information that the stolen vehicle had been disassembled, with parts thereof buried, hidden under brush and situated in other vehicles located on appellant's approximate 100 acres of land. Under these circumstances the description of the property to be searched was not overly broad.[1] See, *Williams v. State,* 95 Okl.Cr. 131, 240 P.2d 1132 (1952), and the excellent discussion and collection of authorities therein.

Finally, the appellant argues that the search warrant was void because the officer did not make a timely return thereof.

Since the search warrant was timely executed according to statute it was not rendered invalid by the officer's failure to make a more timely return thereon. This Court has long recognized that when an officer fails to make a return of the search warrant it may be made any time prior to trial. *State v. Spradling,* 272 P.2d 467 (Okl. Cr.1954); *Williams v. State,* supra; *Crim v. State,* 68 Okl.Cr. 390, 99 P.2d 185 (1940). Inasmuch as the search warrant was executed within the statutory time limits and a return thereon made prior to trial, the appellant's argument is deemed to be without merit.

For the reasons stated above, the judgment and sentence appealed from should be, and the same is, hereby, AFFIRMED. We do however direct the attention of counsel for the appellant to the provisions of 22 O.S.1971, § 994.

BRETT, P. J., and CORNISH, J., concur.

---

1. "... that on the premises known as the Harold McGee property, with the legal description of W 19.90 acres of Lot 4, NW/4, SW/4, NW/4 of Section 3, T5N, R7E; and the S/2, NE/4 of Section 4, T5N, R7E, in Johnston County, Oklahoma, there is now being concealed certain property ... concealed in various parts of this property, i.e., a yellow van truck, and parts concealed under brush and the license tags have been hidden, as well as other parts of said vehicle."